UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH EUGENE LEHRER, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-11-cv-0132 |
| | § | |
| TIM CONNELLY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

**I.**

Before the Court is the defendants, Tim Connelly, Larry J. Siggelkow, and Harold P. Gewerter's (collectively, the "defendants") motion to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court, District of Nevada (Dkt. Nos. 6, 13 and 17). The plaintiff has filed responses in opposition to the motion (Dkt. Nos. 16 and 25) and the matter is ripe for adjudication. The Court, having reviewed the pleadings, motions, responses and the applicable law, is of the opinion that the motion should be granted.

**II.**

The relevant facts, as understood by the Court, show that the defendants employed the plaintiff to give expert testimony in litigation pending in Las Vegas, Nevada. It is undisputed that the testimony that the plaintiff provided was given in Las Vegas. In order to prepare for that testimony and depositions, the plaintiff reviewed the documents provided by the defendants, conducted research and prepared reports. These latter events, according to the plaintiff, occurred in the Southern District of Texas.

### III.

It is the plaintiff's contention that he was retained by Landers, the attorney for the defendant Connelly, in his Houston, Texas, office via a letter. He also contends that the majority of the work performed occurred in the Southern District of Texas. Hence, he asserts, the fact that he traveled to Nevada and California to give testimony and/or attend trial should not outweigh the fact that the contract for services and the underlying research were performed in Houston.

The defendants initially argued for dismissal based on improper venue pursuant to FRCP 12(b)(3). The Court denied that motion as the case was filed in a district where it could have been filed. (*See* Dkt. No. 24). The defendants also assert that the case should be transferred for the convenience of the parties and witnesses and the interest of justice. In this regard, the defendants contend that the burden of sustaining venue rests with the plaintiff, citing to *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001), among other authorities. In support of their position that venue should rest in Nevada, the defendants argue that: (a) the evidence and witnesses necessary for a fair trial are located in Clark County, Nevada; hence, this Court lacks the necessary subpoena power to compel the attendance of these witnesses; (b) the only witness in the Southern District of Texas is the plaintiff; (c) the terms of the agreement(s), the subject of this suit, were negotiated in Nevada; (d) Nevada law applies to the dispute and would be utilized to resolve the dispute; and (e) the defendants, two of whom live in Nevada, would be severely prejudiced by having to defend this suit in Texas.

### IV.

A motion to transfer venue from one district court to another is governed by 28 U.S.C. § 1404(a). Specifically, § 1404(a) gives a federal court discretion to "transfer any civil action to any other district or division where it might have been brought" if to do so would

be convenient for the parties and witnesses and "in the interest of justice." 28 U.S.C. § 1404(a). "[T]he purpose of [this] section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L. 585*, 364 U.S. 19, 26 - 27 (1960)); *see also Spiegelberg v. Collegiate Licensing Co.,* 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005). The movant, however, bears the burden of proving that a transfer is necessary. *Spiegelberg*, 402 F. Supp. 2d at 789; *see also Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The first issue that a district court must consider in evaluating a motion under § 1404(a) "is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003); *see also In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Next, a district court must consider the issue of "the convenience of the parties and witnesses" which "turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted); *see also Amini Innovation Corp. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1029, 1043 (S.D. Tex. 2007). The private interest factors include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors to be considered are:

> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized interests decided at home;
> (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.*

## V.

The Court is of the opinion that the plaintiff's argument, that venue should remain in the Southern District of Texas because the majority of the research and preparations for his Nevada testimony occurred in Houston, Texas, lacks merit. Under this theory, a manufacturer of products would always prevail on a change of venue argument because the majority, if not all, of the work of producing a product occurs at its plant. In this regard, the real question concerning venue in a contract for services case is not where the product is created but where the contract was consummated or where the service is to be performed. It is undisputed here that the plaintiff's services were performed in Nevada. Therefore, his preparation argument fails.

The plaintiff also argues that the agreement(s) that he entered into for his services were consummated in Texas. The Landers affidavit, however, states that the plaintiff traveled to Las Vegas to discuss his testimony and negotiate the terms of his engagement, and while he orally agreed to provide testimony in Nevada and California, Landers' affidavit is not contradicted by the plaintiff's argument. The plaintiff asserts that Landers contacted him at his Houston office in an effort to acquire expert testimony services. In mid-2002, the plaintiff entered into a "valid and enforceable" contract with Landers, Connelly, Siggelkow, and Gewerter for those services. While the plaintiff asserts that he was retained in Houston, he does not deny that the terms of the contract were negotiated in Nevada. Nor does he, by affidavit or otherwise, dispute the

defendants' assertion that, should this suit remain in Texas, the defendants, in comparison with him, would spend a more significant amount of time and money defending this action in Texas.

Moreover, the Court determines that the private interest factors favor a transfer to the United States District Court for the District of Nevada.  This Court is without the power of compulsory process to secure the attendance of the non-party witness.  In addition, the costs associated with travel and attendance for trial is multiplied by three as it relates to the parties.

The public interest factors also favor a transfer of this case.  The local interest in having an aspect of a case that the plaintiff participated in in Nevada, litigated in the Southern District of Texas, does not compare to the interest of the Nevada Court.  As well, there is no evidence that the case would not be reached more expeditiously in Nevada than Texas.  Finally, the Court is of the opinion that Nevada law applies to the contract, even though it is argued that the plaintiff's signature and the consideration passed in Houston.

It is therefore, **ORDERED**, that the defendants' motion to transfer venue be **GRANTED**.  This case is, therefore, **TRANSFERRED**, to the United States District Court for the District of Nevada.

SIGNED at Houston, Texas this 6th day of May, 2011.

_____
Kenneth M. Hoyt
United States District Judge