J. MICHAEL OAKES, ESQ.
Nevada Bar No. 1999
FOLEY & OAKES, PC.
850 East Bonneville Avenue
Las Vegas, Nevada 89101
Tel.: (702) 384-2070
Fax: (702) 384-2128
Email: Mike@foleyoakes.com
Attorneys for Jason L. Frazer
and O♭Donnell, Ferebee, Medley & Keiser, PC

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KENNETH EUGENE LEHRER, | ) |
| | ) |
| Plaintiff, | )    Case No.  2:11-CV-00735-LDG-CWH |
| | ) |
| vs. | ) |
| | ) |
| TIM CONNELLY, LARRY J. SIGGELKOW | ) |
| HAROLD P. GEWERTER, and JASON G. | ) |
| LANDESS | ) |
| | ) |
| Defendants. | ) |
| _____ | )    **STIPULATED PROTECTIVE** |
| JASON G. LANDESS and TIM | )    **ORDER** |
| CONNELLY, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| KENNETH EUGENE LEHRER, | ) |
| | ) |
| Counterdefendants. | ) |
| _____ | ) |
| LARRY J. SIGGELKOW and HAROLD P. | ) |
| GEWERTER, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| KENNETH EUGENE LEHRER, | ) |
| | ) |
| Counterdefendants. | ) |
| _____ | ) |
| JASON G. LANDESS AND TIM | ) |

FOLEY
&
OAKES

CONNELLY,                                              )
                                                       )
                    Counterclaimants,                  )
                                                       )
        vs.                                            )
                                                       )
JASON L. FRAZER, individually and as                   )
Agent for O¢DONNELL, FEREBEE,                           )
MEDLEY & KEISER, P.C., a Texas                         )
Professional Corporation                               )
                                                       )
                    Counterdefendants.                 )
_____)
LARRY J. SIGGELKOW and HAROLD P.                       )
GEWERTER,                                              )
                                                       )
                    Third-Party Plaintiffs,            )
                                                       )
        vs.                                            )
                                                       )
JASON L. FRAZER, individually and as                   )
Agent for O¢DONNELL, FEREBEE,                           )
MEDLEY & KEISER, P.C., a Texas                         )
Professional Corporation                               )
                                                       )
                    Third Party Defendants.)
_____)

## STIPULATED PROTECTIVE ORDER

The Parties, by and through their respective undersigned counsel of record, hereby stipulate and agree as follows:

WHEREAS the Parties desire to protect any Confidential Information that may be disclosed or used in the above-captioned matter;

WHEREAS the Parties hereby enter into the terms of this Stipulated Protective Order pursuant to Fed. R. of Civ. P. 26(c) limiting the disclosure of the Confidential Information that may be produced or otherwise discovered in the above-captioned matter (the õLawsuitö).

Based on the foregoing,

IT IS HEREBY STIPULATED AND AGREED as follows:

**FOLEY & OAKES**

1.     Any information, document, or thing produced or created in connection with the Lawsuit that is reasonably believed by a Producing Party to contain proprietary information, confidential research, personal, confidential business, financial or commercial information, sensitive information concerning non-parties, trade secrets, or other commercially sensitive material, the disclosure of which would tend to cause substantial harm to the Producing Party's legitimate business or privacy interests, or the interests of non-parties, may be designated as "Confidential Material."

2.     The designation of Confidential Material shall be made by either (1) labeling each document deemed confidential with the following designation: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in *Lehrer v. Connelly et al.,* Case No. 2:11-CV-00735-LDG-CWH" or any other marking that brings the confidential nature of the document or materials to the attention of a reasonable examiner; or (2) advising counsel for the Parties in writing of the documents or materials, or portions thereof, that are considered Confidential Material and advising counsel of the bates numbers of such documents or materials. When documents are produced in bulk, a party may designate the entire group of documents as Confidential Material.

3.     Confidential Material may be given, shown, made available to, or communicated only to the following persons: (a) the Parties (including the Parties' officers, directors, members, trustees, partners, or in-house legal personnel) and their counsel of record, including employees of counsel who need access to such Confidential Material for purposes of the Lawsuit (e.g., copy services, runners, legal assistants, paralegals, etc. for purposes of copying, filing, scanning, etc.)); (b) third party consultants, vendors, and independent experts employed by counsel for purposes of the Lawsuit; (c) Witnesses called to testify at deposition or trial in the Lawsuit; and (d) Court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of the Lawsuit.

4.     Confidential Material may not be shown or disclosed to persons other than those referenced in Paragraph 3 above unless (a) the party who first produced the Confidential Material consents in writing; and (b) the party to whom the Confidential Material is consented to be

disclosed to executes an Agreement to be Bound by the Protective Order Regarding Confidentiality of Documents, the form of which is attached hereto as **Exhibit A**.

5.      A party who neglects to appropriately designate Confidential Material when produced as provided for in Paragraph 2 above may thereafter designate such Confidential Material as confidential by giving written notice to all parties within thirty (30) days after production of the bates stamp numbers of documents that should be so designated.

6.      Nothing in this Stipulated Protective Order shall prohibit a Party or its counsel from disclosing Confidential Material to the following persons: (a) person(s) who authored the Confidential Material; and (b) person(s) who previously received the Confidential Material without violating this Stipulated Protective Order.

7.      The Parties need not challenge the propriety of a designation of Confidential Material when first made in order to preserve such a challenge.  Rather, if a party comes to disagree with any designation of Confidential Material, that party shall notify the designating party in writing of the disagreement with the designation.  Those parties shall attempt to resolve the dispute informally and in good faith, but if the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.

8.      Each party is responsible for ensuring that access to information and materials designated as Confidential Material is permitted only to those persons identified in this Stipulated Protective Order.   All documents, information, and materials designated as Confidential Material shall at all times be kept secure by the Parties and their counsel in such a manner as to reasonably protect against the inadvertent disclosure of such Confidential Material to any person not entitled to view or possess said Confidential Material as stated herein.

9.      If any Party or their counsel learns that of any possession, knowledge, use or disclosure of any Confidential Material by any person not specifically authorized by this Stipulated Protective Order to possess said Confidential Material, that Party and/or its counsel shall immediate notify all Parties in writing, providing all knowledge of such unauthorized possession, knowledge, use or disclosure of Confidential Material.   The Parties agree to cooperate in any litigation to prevent unauthorized use or further dissemination of the

**FOLEY & OAKES**

Confidential Material or its contents.

10.  Copies, summaries, abstracts or duplications of Confidential Material, whether oral, written, or in any other form, including electronic means, shall be considered the same as the Confidential Material itself and shall have the same restrictions placed upon them as the Confidential Material as stated in this Stipulated Protective Order.

11.  Before receiving access to Confidential Material, each person identified in Paragraph 4 shall be provided a copy of this Stipulated Protective Order.

12.  Before using any Confidential Material during any motion or other proceeding in the Lawsuit, a party shall ensure that the confidentiality of such Confidential Material(s) is protected by taking appropriate measures, including but not limited to sealing and redacting Court records and ensuring that any portion of any transcript from such motion or proceeding that reveals Confidential Material is not disclosed in contravention of this Stipulated Protective Order.  The Parties and their counsel shall at all times exercise due care not to disclose Confidential Material.

13.  If Confidential Material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Stipulated Protective Order to receive such Confidential Material may be present.  Portions of the transcripts of testimony and exhibits revealing Confidential Material shall be handled to ensure the confidentiality provided for in this Stipulated Protective Order.

14.  The production of information, documents, and materials designated as Confidential Material pursuant to this Stipulated Protective Order shall in no way constitute a general or limited waiver of: (a) any right to object to the production or use of the same information or material on other grounds; (b) the attorney-client, work product or other privilege or legal protection; or (c) any right to object to the production or use of the Confidential Material or any other documents in this Lawsuit or in any other litigation.  In addition, an election by any party to disclose any portion of the Confidential Material to others shall not be deemed as a waiver of any of the rights established by this Stipulated Protective Order.

15.  If any party or counsel receiving Confidential Material in the Lawsuit is requested

**FOLEY & OAKES**

to produce such Confidential Material in another action or proceeding pursuant to subpoena, discovery request or other legal process, that party shall promptly notify, in writing, the party in this Lawsuit who produced the Confidential Material, so that such producing party can assert a timely objection.    Nothing herein, however, shall require the party who received such Confidential Material to challenge or appeal any order requiring the production of such Confidential Material in another action or proceeding, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek relief from this Court.

16.    Within thirty (30) days of the conclusion of the Lawsuit, including any appeal thereof, all of the Confidential Material, including any copies or summaries thereof, and all of the executed Agreements to be Bound by the Protective Order Regarding Confidentiality of Documents, shall be destroyed or returned to the party (or its counsel) that originally produced such Confidential Material.

17.    This Stipulated Protective Order may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

18.    Counsel executing this Stipulated Protective Order represent and warrant that they have authority from their respective clients to bind them to this Stipulated Protective Order.

19.    This Stipulated Protective Order shall survive the termination of the Lawsuit, and the Court shall retain jurisdiction to resolve any dispute concerning the Confidential Material.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**FOLEY & OAKES**

**IT IS SO STIPULATED:**

By:_____/s/ Jason G. Landess_____
Jason G. Landess, Esq.
7054 Big Springs Court
Las Vegas, Nevada 89113
Fax No. 702-248-4122
JIand702@cox.net
Attorney for Jason Landess and Tim Connelly

By:_____/s/ J. Michael Oakes_____
J. Michael Oakes, Esq.
Foley & Oakes, P.C.
850 E. Bonneville Ave.
Las Vegas, NV 89101-7031
mike@foleyoakes.com
Attorneys for Jason L. Frazer and O'Donnell Ferebee, Medley & Keiser, P.C., a Texas Professional Corporation

By:___/s/ Harold P. Gewerter_____
Harold P. Gewerter, Esq.
5440 W. Sahara Avenue # 105
Las Vegas, Nevada 89146
Fax No. 702-382-1759
Harold@gewerterlaw.com
Attorney for Harold P. Gewerter and Larry Siggelkow

By:____/s/ Thomas Pitaro_____
Thomas F. Pitaro, Esq.
330 South Third Street, Suite # 860
Las Vegas, Nevada 89101
Fax No. 702-382-9964
thomaspitaro@yahoo.com
Attorney for Harold P. Gewerter and Larry Siggelkow

By:___/s/ Theodore E. Chrissinger_____
Theodore E. Chrissinger, Esq.
Hoy & Hoy, PC
4741 Caughlin Parkway, Suite 4
Reno, Nevada 89519
775.786.7426 (fax)
tchrissinger@nevadalaw.com
Attorney for Kenneth Eugene Lehrer

**ORDER**

**IT IS SO ORDERED.**

**DATED this __17th__ day of January, 2012.**

_____
**UNITED STATES MAGISTRATE JUDGE**

//////
//////
//////

FOLEY
&
OAKES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER REGARDING**

**CONFIDENTIALITY OF DOCUMENTS**

I, the undersigned, hereby acknowledge that I have received and read a copy of the Stipulated Protective Order entered in *Lehrer v. Connelly et al.,* Case No. 2:11-CV-00735-LDG-CWH in United States District Court, District of Nevada (the "Lawsuit"); that I understand the provisions in the Stipulated Protective Order prohibit the disclosure, exploitation, or use of Confidential Material or other discovery or deposition testimony for any purpose or in any manner not connected with the prosecution or defense of the Lawsuit; that I agree to be bound by all provisions of the Stipulated Protective Order; that I submit to the jurisdiction of the Court in which the Lawsuit is pending; and that I understand that sanctions may be imposed by the Court, including civil and criminal penalties for contempt of Court, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Stipulated Protective Order.

DATED this _____ day of _____, 20___.


_____

Signature


_____

Printed Name


_____

Address


_____

Telephone Number

**FOLEY**

**&**

**OAKES**